# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No.  3:25-cv-01153 |
| | ) | |
| **WESTERN EXPRESS, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO PROCEED PSEUDONYMOUSLY

COMES NOW Plaintiff, Jane Doe, by and through her undersigned attorneys, and for her Motion and Memorandum in Support of her Motion for Protective Order to Proceed Pseudonymously, states as follows:

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Rule 7.01, Plaintiff, Jane Doe, respectfully requests the Court enter a protective order allowing Plaintiff to proceed under a pseudonym in this action. This case arises from the severe sexual assault and rape of Jane Doe at her place of employment when on October 13, 2024 another employee trapped her behind two Conex trailers, threatened her life, strangled her, forced her to perform oral sex, and raped her, for which the perpetrator was criminally convicted. Due to the sensitive nature of the allegations, and the potential of psychological harm to Jane Doe if she is subject to public identification, Plaintiff filed this action under the pseudonym of Jane Doe. Plaintiff's privacy interests as a victim of sexual assault substantially outweigh the presumption of open judicial proceedings pursuant to the factors outlined in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

"Short of homicide, [rape] is the ultimate violation of self" as it "overcome[s] the will and

Page 1 of 9

Page **1** of **9**

the capacity of the victim to resist." *Coker v. Georgia*, 433 U.S. 584, 597 (1977). Sexual assault victims, who have undergone the "ultimate violation of self," should not be forced into publication of their identities in our civil justice system. This principle rings true regardless of a victim's age. That is why there are countless laws protecting sex crime victims' names and other personally identifying information from public disclosure, unless the victim consents otherwise. *See e.g.,* Tenn. Code Ann. § 10–7–504(q)(1). Statutes like this help protect victims from unwarranted re-traumatization in an already traumatizing experience. *See Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 873-76, n.5 (Tenn. 2016) ("Representative Curry Todd supported the legislation; he spoke passionately about being a police officer in the sex crimes unit and seeing perpetrators or their allies access a criminal file after conviction and sentencing and then use the information to humiliate or harass the victim. House State Gov't Comm. 3/25/14, discussion of HB 2361.").

Generally, "a complaint must state the names of all parties." Fed. R. Civ. P. 10(a). The Court, however, "may excuse plaintiffs from identifying themselves in certain circumstances," specifically where a "plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). As explained herein, this principle applies even when the plaintiff is an adult.

The egregious facts in this case present the kind of special circumstance that warrant pseudonymity. Courts in this circuit, district, and across the nation have granted pseudonymity to victims of sexual assault, irrespective of their age. Because Jane Doe's privacy interests as a victim of sexual assault substantially outweigh the presumption of open judicial proceedings, and where there is no material prejudice to Defendant, pseudonymity is justified. As of the date of this filing, Defendant is not represented by counsel and therefore counsel for the moving party has been unable to confer with all other counsel with respect to this motion.

## LEGAL STANDARD

The decision to allow a party to proceed under a pseudonym is within the Court's discretion. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). A party's request to proceed pseudonymously should be permitted where that party's privacy interests "substantially outweigh the presumption of open judicial proceedings." *See id.*

In exercising its discretion, the Court must consider: (1) whether Plaintiff's lawsuit challenges governmental activity; (2) whether prosecution of the suit will compel Plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels Plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether Plaintiff is a child. *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). A plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision. *Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 19299996, at *3, (M.D. Tenn. Feb. 10, 2023) (citing *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019)).

The Court may also consider additional factors including the risk of prejudice to the defendant's right to mount a defense, potential of psychological harm to a plaintiff subject to public identification, and whether the plaintiff might suffer harm to his reputation and economic interests. *See Poe v. Lowe*, 756 F. Supp. 3d 537, 544 (M.D. Tenn. 2024) (citations omitted).

The second *Porter* factor relating to the disclosure of information "of the utmost intimacy," as well as the additional factors relating to psychological harm to Plaintiff and harm to Plaintiff's reputation all weigh in favor of granting Plaintiff's motion.

## ARGUMENT

## I. Prosecution of Plaintiff's Lawsuit will Compel Plaintiff to Disclose Information of the Utmost Intimacy.

The second *Porter* factor—whether prosecution of the suit will compel Plaintiff to disclose information "of the utmost intimacy"— weighs in favor of Plaintiff's right to proceed under a pseudonym. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). Courts have consistently found that sexual harassment, sexual abuse, and sexual assault are all matters of the "utmost intimacy. *Doe v. Mich. Dep't of Corr*., No. 13–14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (sexual harassment and sexual abuse are "clearly" matters of "the utmost intimacy") (citation omitted); *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021) (agreeing allegations involving sex trafficking and child sexual abuse involved matters of the "utmost intimacy"); *Doe v. Cabrera*, 307 F.R.D. 1, 5-6 (D.D.C. 2014) ("Because of the alleged sexual acts of the defendant and consequences of his purported actions, this case is one of a 'sensitive and highly personal nature' for the plaintiff."); *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of...rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC,* No. CCB–13–1615, 2013 WL 5634337, at *3, *4 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"); *Roe v. St. Louis Univ.,* No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing use of pseudonym to adult victim of rape because rape is a "personal matter of the utmost intimacy"); *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.,* No. Civ. 22-00338 (BAJ) (SDJ), 2022 WL 17070549 (M.D. La. Nov. 17, 2022) (pseudonym allowed where adult female plaintiff suing public university was sexually assaulted); *see also Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1044-45 (M.D. Tenn. 2023) (finding an adult plaintiff's HIV positive status qualified as information of the "utmost intimacy"). Tennessee courts also

consistently grant pseudonymous status to adult victims of sexual assault. *E.g. Doe v. Linder Const. Co., Inc.,* 845 S.W.2d 173 (Tenn. 1992) (use of pseudonym where Plaintiff was raped in her home); *Doe v. Board of Educ. of Memphis City Schools*, 799 S.W.2d 246 (Tenn. Ct. App. 1990) (use of pseudonym where teacher was raped at her workplace on a teachers' prep day); *Doe v. HCA Health Services of Tennessee*, *Inc*., 46 S.W.3d 191, 194, n.1 (Tenn. 2001) (pseudonym used for adult plaintiff who was employed in a physician's office and simply feared that public disclosure of her identity may subject her employer to retaliation and/or embarrassment).

The foundational *Porter* case did not involve sexual assault, but rather disclosure of sensitive religious beliefs. *Porter*, 370 F.3d at 560. In considering the "utmost intimacy" factor, *Porter* noted that the plaintiffs' religious beliefs in that community would have subjected the plaintiffs to "considerable harassment." *Id*. The Court considered a letter to the editor of the local newspaper which stated that the anonymous plaintiffs were "cowards" and that the "people in Rhea County would come up to your face and tell you what we think of you." *Id.* The principal of the local high school similarly said that when religion is attacked "crusades begin." *Id.* at 561.

Here, Jane Doe alleges she was sexually harassed for a number of days before being brutally raped by another employee. (Compl., ¶¶ 13-30). At the time, Jane Doe was completing her training to be a truck driver for Defendant, Western Express, Inc. (Compl., ¶ 9). If Jane Doe is required to expose her identity in this litigation, she will be required to disclose information of the "utmost intimacy" relating to a sexual assault and rape in the workplace, plus the fact that she made a complaint to an employer of sexual harassment and rape in the in the workplace, and that she is facing mental health challenges as a result of the incidents. Emotional and mental health injuries and conditions are often granted confidentiality and protections for cases where the plaintiff alleges such injuries, and mental health records are equally afforded such protections. Plaintiff's

allegations would also most certainly make it difficult for her to continue working in the trucking industry, which is already male dominated, if that is her desired goal.

This is notwithstanding the significant backlash survivors of sexual assault often face from the public when they file a lawsuit against the wrongdoers. Victim shaming has become all too common in America causing many survivors to fear coming forward in the first place.

While the parties and their counsel have no control over a case's propensity to garner attention from the public, courts do have the ability to control whether plaintiffs like Jane Doe will be on the receiving end of additional harassment. Like in *Porter*, where the case involved information of the "utmost intimacy" that would subject the plaintiff to "considerable harassment" if their identities were exposed, here Jane Doe is similarly likely to face undue harassment or embarrassment in her community upon disclosure of her identity. *Porter*, 370 at 560-561.

This *Porter* factor weighs heavily in favor of granting Jane Doe pseudonymity.

## II. Additional Factors Weigh in Favor of Pseudonymous Status.

### A. Psychological Harm and Harm to Jane Doe's Reputation and Economic Interests.

Whether a plaintiff will suffer additional psychological harm if their identity is exposed is another factor that weighs in favor of granting pseudonymity. *See Ramsbottom v. Ashton,* No. 3:21-CV-00272, 2021 WL 2651188, at *6 (M.D. Tenn. June 28, 2021) (citing *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006)). When considering this factor, there must be a connection between the disclosure of the plaintiff's identity and the expected exacerbation of such symptoms. *Id.* at *7; *see also Doe v. Del Rio*, 241 F.R.D. 154, 161-162 (S.D.N.Y. 2006); *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999) (granting pseudonymous status because additional evidence showed the public disclosure of the plaintiff's identity would cause psychological and emotional pain "so intense that it would threaten her stability, her safety, and even her life."). The Court may

also consider whether the plaintiff might suffer harm to his reputation and economic interests by public disclosure. *Poe v. Lowe*, 756 F. Supp. 3d 537, 544 (M.D. Tenn. 2024).

As alleged in Plaintiff's Complaint, following the October 13, 2024 sexual assault, Plaintiff was unable to return to work for Defendant, effectively resigning from her employment, and has been unable to work in any capacity since that time due to the extreme and severe emotional distress she has suffered from the sexual assault. (Compl., ¶ 37). Moreover, as a direct and proximate result of the sexual assault and rape, Plaintiff has experienced severe mental anguish, depression, anxiety, humiliation, and embarrassment. (Compl., Count I, ¶ 60, Count II, ¶ 54, Count III, ¶ 53, Count IV, ¶ 58). Additionally, Plaintiff is a lesbian and, until October 13, 2024, had never had a sexual interaction with a man, thereby making the rape all the more traumatic and all the more humiliating in her community. In light of the foregoing, public disclosure of her identity more likely than not would cause serious psychological harm to Plaintiff, including re-traumatization, and negatively impact her mental health, social relationships, and future employment opportunities, particularly in the trucking industry.

The likelihood that public disclosure of Jane Doe's identity would result in additional significant psychological, reputational, and economic harm to Jane Doe weighs in favor of Jane Doe's pseudonymous status.

### B. No Prejudice to Defendant.

This Court may also consider whether nondisclosure of Plaintiff's name would result in a risk of prejudice to the Defendant's right to mount a defense. *Poe*, 756 F. Supp. 3d at 544. Here, Plaintiff's counsel will confidentially disclose Plaintiff's identity to opposing counsel once Defendant has entered their appearance in this case. Defendant is also well aware of Plaintiff's identify due to Plaintiff being in their employ and the October 13, 2024 incident and preceding

sexual harassment being immediately reported. To the extent there are concerns about influencing the jury at trial, this can be easily addressed by a jury instruction, by sealing the courtroom, and/or by redacting Jane Doe's name from the public transcript. Defendant will not suffer any prejudice if Jane Doe proceeds under a pseudonym.

## CONCLUSION

While it is unavoidable that Jane Doe may experience some re-traumatization by having to relive these awful events in front of a jury, the Court has the power and discretion to offer Jane Doe a small inkling of protection by keeping her identity private.

The second *Porter* factor, as well as additional factors that the Court may consider, all weigh in favor of Jane Doe's pseudonymity. Because Jane Doe's privacy interests substantially outweigh the presumption of open judicial proceedings, Plaintiff respectfully requests the Court exercise its sound discretion by entering a protective order and granting Jane Doe's Motion for a Protective Order to Proceed Pseudonymously. As of the date of this filing, Defendant is not represented by counsel and therefore counsel for the moving party has been unable to confer with all other counsel with respect to this motion.

Dated:  October 8, 2025

Respectfully submitted,

**HB ADVOCATES PLLC**

/s/ Hayley H. Baker
Hayley Hanna Baker, TN Bar No. 37439
1831 12th Ave. S, #325
Nashville, Tennessee 37203
Email: hbaker@hb-advocates.com
Phone: (615) 505-3260
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's ECF filing system on October 8, 2025.  A copy of the foregoing will contemporaneously be served with the summons and Complaint on Defendant Western Express, Inc.'s registered agent of service on the date that service is effectuated:

c/o Roland M. Lowell
7135 Centennial Pl.
Nashville, TN 37209

/s/ Hayley H. Baker