MOTION GRANTED.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:25-cv-01153** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WESTERN EXPRESS, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**JOINT MOTION TO AMEND SCHEDULING ORDER AND EXTEND REMAINING PRETRIAL DEADLINES**

Plaintiff Jane Doe ("Plaintiff") and Defendant Western Express, Inc. ("Defendant" or "Western") (collectively, the "Parties") jointly move pursuant to Federal Rule of Civil Procedure 16(b)(4) and Section M of the Court's Initial Case Management Order ("CMO") (Doc. 23) to amend the scheduling order and extend the remaining pretrial deadlines identified below, while leaving the July 13, 2027 trial date unchanged. In support, the Parties state as follows:

1. On January 16, 2026, the Court entered the CMO. (Doc. 23.) The CMO requires any motion to modify a case-management deadline to be filed at least seven days before the earliest impacted deadline; to list the trial date and all deadlines, including unaffected deadlines; to confirm compliance with Local Rule 16.01(h)(1); and to detail diligence and facts demonstrating good cause under Rule 16(b)(4). (Doc. 23 at 7.)

2. On September 30, 2026, Western filed an Unopposed Motion for Extension of Defendant's Expert Disclosure and Report Deadline and Expert Deposition Deadline, seeking to extend Western's expert-disclosure deadline from October 7, 2026 through December 7, 2026 and the expert-deposition deadline from December 16, 2026 through February 16, 2027. The Court granted that motion. Accordingly, December 7, 2026 and February 16, 2027 are the currently operative deadlines for Western's expert disclosures and reports and completion of expert

depositions, respectively. Western sought that relief because fact and third-party discovery remained ongoing, including discovery directed to medical and other non-party records essential for preparation of an expert report; Western hoped that the additional requested time would permit completion and review of that discovery. Unfortunately, the process has taken longer than expected.

3. The Parties have continued to work cooperatively to advance discovery and minimize avoidable disputes. Defendant already has issued several subpoenas and is in the process of reviewing records received and following up with subpoena recipients where responses, unfortunately, are overdue. In addition, the Parties are in the process of obtaining executed authorizations for confidential records in the possession of third parties, exchanging further documents and disclosures, and coordinating additional depositions (Plaintiff and a key fact witness were deposed in September 2026). The Parties have been conferring regarding discovery issues and are working together to complete discovery efficiently rather than burdening the Court with disputes that may be resolved through cooperation. For example, on November 17, 2026, following a status conference with the Court the previous day, counsel for the Parties met by videoconference to discuss a cooperative strategy for expeditiously completing discovery, including agreeing to further exchange of information and documents, identifying and narrowing potential disputes, and reserving tentative deposition dates.

4. The Parties agree that, despite their diligent efforts to date, further time is needed to complete discovery in this matter, including both expert and fact discovery. Several factors contribute to this need; for example, the Parties intend to depose multiple third-party witnesses, witnesses out of state, and possibly one witness who is incarcerated. In addition, the Parties are in the process of obtaining and reviewing voluminous records from third parties, some of which

require executed third-party authorizations. Certain decisions regarding further discovery cannot be made until relevant records are received. And of course, a substantial amount of the remaining discovery period is occurring over the end-of-year holidays. For these reasons, the Parties have worked together on a schedule of agreed proposed extended deadlines as set forth herein. The requested extensions are not sought for purposes of delay. These circumstances establish good cause for modification under Rule 16(b)(4).

5. Consistent with Section M of the CMO and Judge Frensley's Practices and Procedures, the complete schedule—showing both expired or unaffected deadlines and the requested modifications—is set forth below:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Initial disclosures | February 5, 2026 | N/A |
| Service of written discovery | March 5, 2026 | N/A |
| Motions to amend or add parties | May 1, 2026 | N/A |
| First case-resolution status report | May 15, 2026 | N/A |
| Plaintiff's expert disclosures and reports | September 8, 2026 | N/A |
| Defendant's expert disclosures and reports | December 7, 2026 | April 15, 2027 |
| Telephone status conference | November 16, 2026 | N/A |
| Motions related to fact discovery | December 16, 2026 | January 29, 2027 |
| Second case-resolution status report | December 18, 2026 | N/A – will remain December 18, 2026 |
| Completion of written discovery and fact-witness depositions | January 15, 2027 | February 12, 2027 |
| Expert depositions | February 16, 2027 | May 14, 2027 |
| Dispositive motions | March 1, 2027 | March 19, 2027 |
| Responses to dispositive motions | 28 days after motion | April 6, 2027 (18 days after motion deadline) |
| Optional replies on dispositive motions | 14 days after response | April 13, 2027 (7 days after response deadline) |
| Jury trial | July 13, 2027 | Unchanged |

6. The requested schedule, which extends the fact discovery period and dispositive motion filing deadline, but condenses the dispositive motion briefing period, preserves the trial date. Because dispositive-motion briefing would be complete on April 13, 2027—91 days before the July 13, 2027 trial date—the proposed schedule conforms to Local Rule 16.01(h)(1), which

requires that the dispositive-motion deadline, including response and reply briefing, be no later than 90 days before trial.

7. The Parties further propose moving the remaining expert deadlines to later in 2027. Any potential expert testimony proposed to be offered by Defendant would pertain to Plaintiff's compensatory damages claims and would not be a factor in dispositive motion briefing. Moreover, the modified schedule for expert discovery takes into account the fact that third-party records responsive to outstanding subpoenas and requests for medical records and other records relevant to expert testimony will likely continue to come in to the Parties up to or even after the close of the fact discovery period.

8. This motion is jointly submitted by Plaintiff and Western. The Parties have conferred regarding the requested modifications and agree that, to the best of the Parties' knowledge and projections at this time, the proposed schedule will facilitate completion of discovery, reduce the potential for discovery disputes, permit orderly expert work, and preserve adequate time for dispositive-motion briefing and trial preparation without moving the trial date.

WHEREFORE, Plaintiff Jane Doe and Defendant Western Express, Inc. jointly request that the Court grant this Joint Motion, amend the scheduling order to adopt the proposed deadlines set forth above, leave the July 13, 2027 trial date unchanged, and grant such other and further relief as the Court deems appropriate.

THIS the 18th day of November, 2026.

Respectfully submitted,

BUTLER SNOW LLP

_/s/ Kara E. Shea_
Kara E. Shea (#18221)
Lieselotte M. Carmen-Burks (#043549)
BUTLER SNOW LLP
1320 Adams Street, Suite 1400
Nashville, TN 37208
Phone: (615) 651-6700
Fax: (615) 651-6701
Kara.shea@butlersnow.com
Liesel.carmen-burks@butlersnow.com

*Attorneys for Defendant Western Express, Inc.*

HB ADVOCATES PLLC

_/s/ Hayley Hanna Baker (signed w/permission)_
Hayley Hanna Baker
HB ADVOCATES PLLC
1831 12th Ave. S., #325
Nashville, TN 37203
hbaker@hb-advocates.com

MAHONEY LAW FIRM, LLC

_/s/ Leigh M. Perica (signed w/permission)_
Leigh M. Perica
Ryan J. Mahoney
2220 S. State Route 157, Suite 250
Glen Carbon, IL 62034
leigh@themahoneylawfirm.com
ryan@themahoneylawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Motion to Amend Scheduling Order and Extend Remaining Pretrial Deadlines has been filed electronically with the Court's CM/ECF system upon:

Hayley Hanna Baker
HB ADVOCATES PLLC
1831 12th Ave. S., #325
Nashville, TN 37203
hbaker@hb-advocates.com

Ryan J. Mahoney
Leigh M. Perica
MAHONEY LAW FIRM, LLC
2220 S. State Route 157, Suite 250
Glen Carbon, IL 62034
ryan@themahoneylawfirm.com
leigh@themahoneylawfirm.com

*Attorneys for Plaintiff*

on this 18th day of November, 2026.

*/s/ Kara E. Shea*
Kara E. Shea

103616474.v1